UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMER ATIYEH,<br><br>    Petitioner,<br><br>v.<br><br>JACKEY LACEY,<br><br>    Respondent. | No. CV 19-4866 SVW (FFM)<br><br>ORDER RE SUMMARY DISMISSAL OF ACTION WITHOUT PREJUDICE |

On or about May 22, 2019, petitioner constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition"). The Petition purports to challenge petitioner's convictions in the Superior Court of California, County of Los Angeles, for false reporting of a bomb and a probation violation. (Docket No. 1, p. 2.) The Petition appears to raise an ineffective assistance of counsel claim.

As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. *Rose v. Lundy*, 455 U.S. 509, 518-22, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982). The habeas statute now explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(I) there is an absence of available State corrective

process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).  Moreover, if the exhaustion requirement is to be waived, it must be waived expressly by the State, through counsel.  *See* 28 U.S.C. § 2254(b)(3).

Exhaustion requires that the prisoner's contentions be fairly presented to the state courts, and be disposed of on the merits by the highest court of the state. *Carothers v. Rhay*, 594 F.2d 225, 228 (9th Cir. 1979).  A claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based.  *See Duncan v. Henry*, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995); *Picard v. Connor*, 404 U.S. 270, 275-78, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971); *Johnson v. Zenon*, 88 F.3d 828, 830 (9th Cir. 1996).  A federal court may raise the failure to exhaust issues *sua sponte* and may summarily dismiss on that ground.  *See Stone v. San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992); *Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981) (*per curiam*); *see also Granberry v. Greer*, 481 U.S. 129, 134-35, 107 S. Ct. 1671, 95 L. Ed. 2d 119 (1987).

Petitioner has the burden of demonstrating that he has exhausted available state remedies.  *See, e.g., Brown v. Cuyler*, 669 F.2d 155, 158 (3rd Cir. 1982). Here, it plainly appears from the face of the Petition that petitioner cannot meet this burden with respect to his claim.  Petitioner alleges that he did not appeal his convictions, seek review in the California Supreme Court, or file any other petitions in any court with respect to his claim.  (Petition at ¶¶ 8, 9, and 12.)

If it were clear that petitioner is raising a federal claim and that the California Supreme Court would hold that petitioner's unexhausted federal claim was procedurally barred under state law, then the exhaustion requirement would be satisfied.  In that event, although the exhaustion impediment to consideration of petitioner's claim on the merits would be removed, federal habeas review of the

claim would still be barred unless petitioner could demonstrate "cause" for the default and "actual prejudice" as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims would result in a "fundamental miscarriage of justice." *See Coleman v. Thompson*, 501 U.S. 722, 750, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991). However, it is not "clear" here that the California Supreme Court will hold that petitioner's federal claim is procedurally barred under state law. *See, e.g., In re Harris*, 5 Cal. 4th 813, 825 (1993) (granting habeas relief where petitioner claimed sentencing error, even though the alleged sentencing error could have been raised on direct appeal); *People v. Sorensen*, 111 Cal. App. 2d 404, 405 (1952) (noting that claims that fundamental constitutional rights have been violated may be raised by state habeas petition).

    The Court therefore concludes that this is not an appropriate case for invocation of either exception to the exhaustion requirement regarding the existence of an effective state corrective process.

    Therefore, the Petition is subject to dismissal.

    IT IS THEREFORE ORDERED that this action be summarily dismissed without prejudice, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

    LET JUDGEMENT BE ENTERED ACCORDINGLY.

Dated: July 10, 2019

                                  STEPHEN V. WILSON
                                  United States District Judge

Presented by:

  /S/ FREDERICK F. MUMM
    FREDERICK F. MUMM
    United States Magistrate Judge